UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KERRIAHNA SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-02137 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF CHICAGO MEDICAL | ) | |
| CENTER, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Kerriahna Shepard ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against University of Chicago Medical Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") as amended by the Pregnancy Discrimination Act for Defendant's pregnancy-based discrimination and retaliation.

2. This lawsuit arises under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg *et seq*. ("PWFA") seeking redress for Defendant's discrimination on the basis of Plaintiff's pregnancy related disability, Defendant's failure to accommodate Plaintiff's disability and Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

3. This lawsuit further arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") for Defendant's failure to pay Plaintiff for all hours worked.

4. This lawsuit also arises under the Illinois Wage Payment and Collection Act

("IWCPA"), 820 ILCS 115/ *et. seq.*, for Defendant's failure to pay Plaintiff her final paycheck.

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Pregnancy Workers Fairness Act, 42 U.S.C. §2000gg *et seq.* ("PWFA"), and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

6.   This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

7.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

8.     All conditions precedent have been fulfilled or been complied with.

9.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

10.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

11.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

12.     At all times material to the allegations of this Complaint, Plaintiff, Kerriahna Shepard resided in Cook County, Illinois.

13.     At all times material to the allegations in this Complaint, Defendant, University of

Chicago Medical Center is a corporation doing business in and for Cook County, Illinois, whose address is 5700 South Maryland Avenue, Chicago, IL 60637.

14. At all times relevant, Plaintiff was Defendant's "employee" as defined by Title VII, the ADA, the PWFA, and the FLSA.

15. At all times relevant, Plaintiff was employed by Defendant as an "employee" as defined by the IWPCA, 820 ILCS 115/2.

16. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

17. At all times relevant, Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

18. At all times relevant, Defendant was an "employer" as defined by the IWPCA, 820 ILCS 115/2.

## BACKGROUND FACTS

19. Plaintiff worked for Defendant as a housekeeper (non-exempt employee) from March 27, 2023 until her effective termination on or around September 7, 2023.

20. Plaintiff is a member of a protected class because of her sex (female, pregnancy) and her disability (pregnancy).

21. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment as she received positive feedback regarding her work performance and had no disciplinary action.

22. Plaintiff performed a specific job which was an integral part of Defendant's

business.

23. As a housekeeper, Plaintiff's duties included:

- Perform routine cleaning of patient rooms, nursing units, offices, restrooms, and waiting areas;
- Report safety hazards;
- Observe safety precautions; and
- Replenish supplies when applicable.

24. Plaintiff was paid $18.25/hour for 40 hours per week, on average.

25. Plaintiff was able to perform all of her duties regardless of her pregnancy, or the restrictions Plaintiff had were for a temporary period, thus could have been performed in the near future. (PWFA, 42 U.S.C. §2000gg(6)(A-C)).

26. Plaintiff informed Defendant of her pregnancy on or around June 19, 2023.

27. Since at least June 19, 2023 through her unlawful termination, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and the PWFA.

28. Plaintiff's pregnancy caused her extreme fatigue, negatively affected her bodily functions, and required her to minimize the amount of weight she lifted at a given time.

29. As a result of her pregnancy, Plaintiff experienced severe medical complications which warranted reasonable accommodation.

30. Plaintiff's pregnancy caused her to have complications, and at her doctor's urging, Plaintiff was required to follow lifting restrictions throughout the duration of her pregnancy.

31. Plaintiff informed Defendant of her medically necessary lifting restrictions immediately following her doctor's appointment.

32. While Plaintiff was initially accommodated, she eventually experienced retaliation

from Defendant and was relocated to another location on or around July 23, 2023.

33. Following her reassignment to another location, Plaintiff immediately informed management of her pregnancy and accompanying restrictions.

34. Defendant reacted with distain to Plaintiff's notification of her pregnancy, making Plaintiff feel singled out and uncomfortable.

35. In or around August 2023, shortly following Plaintiff's request for reasonable accommodations as a result of pregnancy complications, Defendant refused to accommodate her lifting restrictions.

36. Plaintiff was then forced to put her own health and the health of her unborn child at risk at the insistence of Defendant to perform tasks outside the bounds of her lifting restrictions.

37. Plaintiff did not want to lose her employment as it is increasingly difficult to find re-employment when pregnant, and as a result she attempted to comply with Defendant's discriminatory employment practices.

38. Eventually, on or around September 7, 2023, Plaintiff was pre-textually suspended pending an "investigation."

39. Defendant informed Plaintiff that she could use the suspension time to "focus on [her] pregnancy."

40. Defendant never provided Plaintiff with a return date.

41. Defendant then contended that Plaintiff resigned over the phone during the first weekend in September 2023, a contention that Plaintiff staunchly denies.

42. Ultimately, Plaintiff was terminated on or around September 7, 2023, on the basis of her pregnancy and her request for pregnancy-related accommodations.

43. Plaintiff was targeted for termination because of her pregnancy and her request for

accommodations under the PWFA.

44. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

45. There is a basis for employer liability for the pregnancy-based discrimination that Plaintiff was subjected to.

46. Further, Plaintiff has still not received his last paycheck, which was due in or around September 2023.

47. As a result, Defendant failed to pay Plaintiff for all hours worked.

48. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Pregnancy-Based Discrimination)

49. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's pregnancy.

54. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's

6

pregnancy.

55.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

56.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Pregnant Workers Fairness Act**
**(Pregnancy-Based Discrimination)**

57.     Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

58.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's pregnancy-related medical conditions in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*. as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

59.     In pertinent part, the PWFA states,

It shall be an unlawful employment practice for a covered entity to—

(4) require a qualified employee to take leave, whether paid or unpaid, if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee… (PWFA, 42 U.S.C. §2000gg-1(4)).

60.     Plaintiff met or exceeded performance expectations.

61.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

62.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

63.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

7

of the ADA.

64. Plaintiff is a member of a protected class under the PWFA, due to Plaintiff's pregnancy-related medical conditions.

65. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT III</u>**
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

67. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's pregnancy related disabilities in violation of the the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

69. Plaintiff has a known limitation in the form of a physical or mental condition related to, affected by, or arising out of pregnancy.

70. Plaintiff was a qualified employee under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(6)(A-C).

71. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

72. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

73. Defendant did not accommodate Plaintiff's pregnancy.

74. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

76. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

77. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

78. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination and/or sex-based harassment.

79. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

80. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

81. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's engagement in protected activity, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

82. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

83. As a direct and proximate result of the above-alleged willful and/or reckless acts

9

of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT V
**Violation of the Pregnancy Workers Fairness Act**
**(Retaliation)**

84. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

85. Plaintiff is a member of a protected class under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(3).

86. During Plaintiff's employment with Defendant, Plaintiff requested and attempted to utilize accommodations for her pregnancy-related medical conditions.

87. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg-1(5), *et seq*.

88. Defendant took adverse action in terms, conditions, and/or privilege of Plaintiff's employment on account of her requesting or using a reasonable accommodation to the known limitations related to the pregnancy.

89. By virtue of the foregoing, Defendant retaliated against Plaintiff, thereby violating the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

90. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

91. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

92. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violations of the Fair Labor Standards Act
### (Minimum Wage and Failure to Pay)

93.     Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

94.     During the course of their employment, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

95.     Plaintiff was directed by Defendant to work, and did work, and were not paid for their services.

96.     Pursuant to §206(a)(1) of the FLSA, Defendant was required to pay its non-exempt employees no less than $7.25 per hour (minimum wage).

97.     Pursuant to the FLSA, Plaintiff was entitled to be compensated at a rate of 100% of their hourly rate.

98.     Defendants did not compensate Plaintiff at a rate of $7.25 per hour or 100% of their regular rate for all hours worked in the relevant time period.

99.     Defendants violated §206 of the FLSA by failing to pay Plaintiff minimum wage or their regular rate for all hours worked in the relevant time period.

100.    Defendants willfully violated the FLSA by deliberately refusing to pay Plaintiff the minimum wage or their regular rate for all times worked.

101.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT VII
### Violations of the Illinois Wage Payment and Collection Act (820 ILCS 115/ *et seq.*)
### (Failure to Pay Final Compensation)

11

102.    Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

103.    Defendant was required to pay Plaintiff $18.25 per hour for 40 hours a week pursuant to an employment contract between Plaintiff and Defendant.

104.    Pursuant to 820 ILCS 115/2:

> Payments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties. Where an employer is legally committed through a collective bargaining agreement or otherwise to make contributions to an employee benefit, trust or fund on the basis of a certain amount per hour, day, week or other period of time, the amount due from the employer to such employee benefit, trust, or fund shall be defined as "wage supplements", subject to the wage collection provisions of this Act. (820 ILCS 115/2) (from Ch. 48, par. 39m-2).

105.    The employment contract entered into by Plaintiff and Defendants gives Plaintiff the specific right to the wages she seeks.

106.    The IWCA requires an employer to "to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

107.    Defendant violated the IWCA by failing to pay Plaintiff her final compensation at the time of separation or by the next regularly scheduled payday.

108.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

12

c.   Compensatory and punitive damages;

d.   Liquidated damages;

e.   Reasonable attorneys' fees and costs;

f.   Award pre-judgment interest if applicable; and

g.   Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of March, 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*